## DE KRUIF v. FLIEMAN.

1. CONTRACT—AGENCY—PURCHASE.

Defendant entered into a contract to sell drills for a company, in which he agreed to pay for machines sold at net prices named therein, to pay in notes for machines ordered and not sold, or return machines, at option of the company; all machines unsold, and proceeds of sales, to be the property of the company. *Held*, that it was a contract of purchase, and not of agency.

2. SAME—STATUTE OF LIMITATIONS—ACKNOWLEDGMENT.

A letter written by defendant to plaintiff, asserting a claim to the drills, and a desire to retain them, in response to a demand for a settlement, was a sufficient acknowledgment in writing to interrupt the running of the statute of limitations.

Error to Ottawa; Padgham, J. Submitted January 14, 1902. (Docket No. 134). Decided March 14, 1902.

*Assumpsit* by Henry De Kruif against Jacob Flieman for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Affirmed.

*John C. Post* ( *Walter I. Lillie*, of counsel ), for appellant.

*George E. Kollen* ( *G. J. Diekema*, of counsel), for appellee.

MONTGOMERY, J.   This case comes before us on a special finding of facts and law.   The plaintiff sues as the assignee of the Superior Drill Company.   The defendant received from the Superior Drill Company a number of drills, three of which are in controversy here.   The question is whether, under this contract, the defendant became a purchaser of the drills, or was simply the agent of the Superior Drill Company.

The contract is lengthy, but it contained, among other provisions, a clause that:

" All machines sold by second party [defendant] shall be settled for during the season in which they are received, at net prices herein named.   If any machines remain unsold at time of settlement, the first party may require second party to give his note, payable in 12 months, in settlement for the same; or, if first party prefer, said machines shall remain the property of first party, and subject to their order, free of charge."

The defendant, by other provisions of the contract, agreed to receive the machines on arrival, pay freight, and take proper care of them.   The contract further provided that:

" All machines and proceeds of sales under this contract, whether in notes, cash, or accounts, shall be the property of the first party, held in trust in the hands of the second party; and proceeds of sales, whether in cash or notes, are to be turned in to first party as fast as received by second party."

A further provision reads:

" Second party agrees to receive, at any time after date, all the within-named machines that have not been previously ordered out by second party; all additional machines as ordered.   Spring sales payable one-half June 1, 1893, one-half October 1, 1893.   Fall sales payable one-half

October 1, 1893, one-half September 1, 1894. With interest not less than 7 per cent. per annum from June 1st on spring sales and October 1st on fall sales. Final settlement to be made not later than June 1st on spring sales and October 1st on fall sales of current year."

The evidence shows that these machines came into the hands of defendant, and that the three machines in controversy were on the 28th of February, 1896, in his possession. At that date he wrote to plaintiff a letter, which, among other things, contained the following language:

"Now, one thing more: I want those drills, three of them, which you claim. I am not going to lose any money on them, as you are trying to make me do so."

This was in answer to a letter written by plaintiff, as follows:

"Allow me to again call your attention to the account of the Superior Drill Company's bill, still unsettled, and long past due. You are aware that this account has been turned over to me, and, as I am in need of funds, would kindly, though urgently, request that you adjust this matter without further delay. Should you desire to sell me the goods at present value, I will consider and accommodate you, if possible. You understand, however, drill trade is in worse condition than any other manufacturing of this class,—suffer more, and consequently offer at extremely low price now."

The circuit judge found that this contract obligated defendant to pay for these drills, and we think this is the proper construction of the contract. It is contended by defendant that the contract simply constituted defendant agent of the Superior Drill Company. It is true that, in a sense, he was an agent of the Superior Drill Company, and that the drill company reserved the title to the property. But such an engagement is not inconsistent with an obligation on the part of the defendant to pay for the drills, and this, we think, he undertook to do by the agreement. *Aspinwall Manfg. Co.* v. *Johnson,* 97 Mich. 531 (56 N. W. 932).

It is next urged that the statute of limitations has run

against the claim.   The circuit judge found that in the letter of February 28, 1896, which was within six years of the commencement of the action, defendant obligated himself to pay for the machines, and we think this is correct. Up to this time the plaintiff had not demanded a settlement by note.   The title to the machines, by the terms of the contract, remained in the plaintiff, and at this date defendant asserted a claim to them, and a desire to retain them, and he could only do so upon paying the contract price.

We find no error in the proceedings, and the judgment will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.